No. 770 August 12, 2026 221

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

I. R.,
*Appellant.*

Deschutes County Circuit Court
25JU05154; A189829

Bethany P. Flint, Judge.

Submitted July 22, 2026.

Erica Hayne Friedman and Youth, Rights & Justice filed the briefs for appellant. I. R. filed the supplemental opening brief *pro se*.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

This juvenile dependency case pertains to seven-year-old K. The Oregon Department of Human Resources (ODHS) filed a dependency petition regarding K on October 31, 2025. The court asserted temporary emergency jurisdiction over K, in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), and took her into protective custody. On December 26, 2025, ODHS moved to dismiss the petition, asserting that K had been safely placed with mother in Idaho and no longer faced a present safety threat. At the hearing on the motion, the only person to object to dismissal was father, whose attorney stated when asked father's position on the motion, "I have discussed the Agency's request with my client. He has advised me that he objects to dismissal." The juvenile court granted the motion and dismissed the petition, explaining that it lacked subject matter jurisdiction to proceed in Oregon under the circumstances and that any ongoing disputes should be resolved in Idaho. The court entered a judgment dismissing the dependency petition on January 5, 2026.

Father appeals, assigning error to the dismissal of the petition. He claims that the juvenile court violated two statutory provisions in dismissing the petition. First, father argues that, under ORS 419B.809(7), the court was not allowed to dismiss the petition pre-adjudication without first confirming that he had either had an opportunity to investigate and present a case in support of dependency jurisdiction or waived that right. *See* ORS 419B.809(7) ("Prior to an adjudicatory hearing on the petition, the court may dismiss the petition provided that every party has had an opportunity to investigate and present a case supporting the petition or has waived the opportunity to investigate and the right to present a case. At or after an adjudicatory hearing, the court may dismiss the petition at any other stage of the proceedings."). Second, father argues that, under ORS 109.751(4), the court was supposed to "communicate" with the Idaho court and either could not dismiss without doing so or at least was not required to dismiss before doing so. *See* ORS 109.751(4) (requiring an Oregon court to "immediately communicate" with another state's court under certain

circumstances involving temporary emergency jurisdiction). The state responds that father did not preserve his claim of error and has not requested plain-error review and that, in any event, there is no plain error.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is a question of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006).

Father asserts in his opening brief that he preserved his claim of error by objecting to dismissal of the petition. We disagree. Preservation principles require "a party to explain its objection clearly enough for the opposing party, and the trial court, to understand the issue and either avoid an error, or correct an error if one has occurred." *State v. Skotland*, 372 Or 319, 327, 549 P3d 534 (2024); *see also State v. Taylor,* 198 Or App 460, 469, 108 P3d 682, *rev den*, 339 Or 66 (2005) ("[T]he appealing party's statements before the trial court must have alerted the trial judge and opposing counsel to the substance of the position that is advanced on appeal."). Father's bare objection to dismissal, without any explanation, was insufficient to preserve for appeal a claim that ORS 419B.809(7) and/or ORS 109.751(4) required the juvenile court to take additional procedural steps before it could grant the state's motion to dismiss its own petition.[1]

In his reply brief, father suggests for the first time that, because the juvenile court described itself as lacking

---

[1] When someone moves to dismiss another party's claim, the claimant generally needs do little more than oppose dismissal to preserve a claim of error in granting the motion. *Huskey v. Dept. of Corrections*, 373 Or 270, 274, 564 P3d 142 (2025). That makes sense because, when a party is opposing dismissal of their own claim, they are necessarily taking the position that they have adequately stated a claim. For example, in *Huskey*, the plaintiff had "consistently argued that he had properly pleaded damages" and disagreed with the moving party's reliance on a constitutional provision to negate that view. *Id.* at 274-75. By contrast, in this case, ODHS was seeking to dismiss its own petition, and father's bald statement of opposition did not alert the court to any potential legal impediment to dismissal.

subject matter jurisdiction when it dismissed the petition, father did not need to preserve his claim of error. That argument is inconsistent with father's position in his opening brief, and ODHS has not had any opportunity to respond to it. It also is unpersuasive. Father relies on *Multnomah County Sheriff's Office v. Edwards*, 361 Or 761, 399 P3d 969 (2017), but that case does not aid him, as this is not a situation where father is claiming that the juvenile court *lacked* subject matter jurisdiction when it took an action. *See id.* at 778 ("[W]hile judicial orders entered when a court lacked subject-matter jurisdiction may be attacked at any time and any place, whether directly or collaterally, other orders may be challenged only directly, in a preserved claim of error." (Internal quotation marks omitted.)).

Our review is therefore limited to plain error. Father did not request plain-error review in his opening brief, which weighs against providing it, although father does make a belated request for plain-error review in his reply brief. *See* ORAP 5.45(7) ("The court may decline to exercise its discretion to consider plain error absent a request explaining the reasons that the court should consider the error."); *State v. Atwood*, 332 Or App 495, 498 n 2, 549 P3d 51 (2024) ("[W]e normally will not exercise [our] discretion in the absence of an explicit request for plain-error review and concomitant plain-error arguments."). In any event, the alleged error is not plain. It is not obvious and is reasonably in dispute what exactly ORS 419B.809(7) required in this scenario and to what extent the juvenile court could have delayed dismissing the dependency petition to comply with ORS 419B.809(7). It also is not obvious and is reasonably in dispute that failure to communicate with another state's court as provided in ORS 109.751(4)—even assuming that happened here—would serve to prevent the dismissal of an Oregon case maintained under temporary emergency jurisdiction.

We therefore reject father's assignment of error challenging the dismissal of jurisdiction. We also deny father's request, made in a *pro se* supplemental brief, that we take judicial notice of the federal Parental Kidnapping Prevention Act (PKPA), 28 USC § 1738A. Neither father nor his counsel has made any substantive argument regarding

the PKPA, so our taking judicial notice of it would serve no purpose.

Affirmed.